■ MBIA INSURANCE CORPORATION, Respondent, v GREYSTONE & Co., INC., Appellant, et al., Defendant. [901 NYS2d 522]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered December 4, 2009, which granted plaintiff's motion to amend the complaint, unanimously affirmed, with costs.

In granting the motion, the court permitted plaintiff to pierce the corporate veil and add Stephen Rosenberg as a party defendant. Plaintiff had learned in the course of certain deposition testimony that Rosenberg was the 100% owner and sole director of the corporate defendant, whose primary, if not only, source of income was the periodic capital contributions made to it by Rosenberg. Motions for leave to amend pleadings should be freely granted (CPLR 3025 [b]), absent prejudice or surprise resulting therefrom (*see Jacobson v McNeil Consumer & Specialty Pharms.*, 68 AD3d 652 [2009]), unless the proposed amendment is palpably insufficient or patently devoid of merit.

On a motion for leave to amend, plaintiff need not establish the merit of its proposed new allegations (*Lucido v Mancuso*, 49 AD3d 220, 227 [2008]), but simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit (*Pier 59 Studios, L.P. v Chelsea Piers, L.P.*, 40 AD3d 363, 366 [2007]), which it has done. Contrary to the corporate defendant's argument, the proposed amendment was supported by a sufficient showing of merit through the submission of an affirmation by counsel, along with a transcript of relevant deposition testimony. Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Manzanet-Daniels, JJ.