Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about June 19, 2013, which denied defendant/ third-party plaintiff William Simpson’s motion for summary judgment on his claim under a guaranty against third-party defendant Imran Lakhani and granted Lakhani’s cross motion to *504 amend his answer and counterclaims, unanimously reversed, on the law, without costs, the motion granted and the cross motion denied. Appeal from order, same court and Justice, entered on or about October 1, 2013, which granted Simpson’s motion for reargument and adhered to its prior decision, unanimously dismissed, without costs, as academic. The Clerk is directed to enter judgment in Simpson’s favor in the amount of $175,000.
In this commercial lease dispute, the underlying lease agreement, dated September 9, 2004, is not ambiguous. The tenant could operate only a Quiznos franchise on the premises and not, as argued, any similar sandwich-type shop. The lease provides: “Tenant shall use and occupy the demised [premises] for a [Quiznos] sandwich shop for purposes of an eat-in/take-out/ delivery restaurant selling sandwiches, salads, soups, pizza, frozen desserts (yogurt, ice cream), fruit juice-based blended drinks, non-alcoholic beverages, and other food items sold in [Quiznos] sub stores (no cooking permitted, except solely that Tenant may utilize an electric convection oven) only . . . and for no other purpose whatsoever.”
To further indicate the signatories’ intent that defendant Lakhani Enterprises USA, Corp. would operate the premises only as a Quiznos franchise, paragraph 65 of the lease rider provided for the display of certain Quiznos signage on the premises. Moreover, in 2008, Lakhani Enterprises assumed the lease from the original tenant, nonparty WRS Services Inc. (WRS), a corporation that defendant/third-party plaintiff Simpson solely owned, and bought WRS’ assets under an asset purchase agreement. Under the asset purchase agreement, Lakhani Enterprises agreed to “use its best efforts to become a bona-fide franchisee of [Quiznos].” The agreement was also “contingent on [Lakhani Enterprises] obtaining Quiznos’ final approval.” Lakhani Enterprises subsequently lost its Quiznos franchise.
The plain language of the lease supports Simpson’s position that Lakhani Enterprises breached the lease by failing to maintain the premises as a Quiznos franchise (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475-476 [2004]). Accordingly, Simpson is entitled to an award of summary judgment in his favor on a guaranty between him and third-party defendant Lakhani that is conditioned on a breach of the underlying lease.
In addition, the motion court should have denied third-party defendant Lakhani’s proposed amended answer and counterclaims, because they are palpably insufficient (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). The *505 proposed claims, alleging, among other things, fraud and negligent misrepresentation, are either lacking in particularity or are contradicted by the merger clause, express terms and disclaimers contained in the underlying agreement (see HSH Nordbank AG v UBS AG, 95 AD3d 185, 201 [1st Dept 2012]).
Concur — Sweeny, J.E, Renwick, Moskowitz, Richter and Gische, JJ.