■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS MELENDEZ, Appellant. [998 NYS2d 129]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered on or about October 3, 2012, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Sweeny, J.P., Andrias, Moskowitz, Richter and Clark, JJ.

■ NEW GPC INC., Appellant, v KAIETEUR NEWSPAPER INC., Respondent. [1 NYS3d 57]—Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 7, 2014, which, inter alia, denied plaintiff's motion to compel certain deposition testimony, unanimously affirmed, without costs.

Plaintiff failed to show that the editor of a "sister" newspaper of defendant, which has no common ownership, but which appears to dictate content for defendant paper, is under the control of defendant so as to require defendant to produce him (*compare Pegasus Aviation I, Inc. v Varig Logistica S.A.*, 118 AD3d 428, 430-431 [1st Dept 2014]). Nevertheless, as recognized by the motion court, plaintiff may seek the editor's deposition through a properly issued deposition subpoena. Plaintiff also makes no substantive argument as to why it should not be required to designate deponents of defendant corporation, rather than simply demand depositions of "any" employees, directors or officers with knowledge of the facts (*see* CPLR 3106 [d]). Concur—Tom, J.P., Saxe, Feinman, Clark and Kapnick, JJ.