Koch v Sheresky, Aronson & Mayefsky LLP (2018 NY Slip Op 03769)





Koch v Sheresky, Aronson & Mayefsky LLP


2018 NY Slip Op 03769


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


112337/07 -6688N 6687 6686

[*1] Vladimira Koch, etc., Plaintiff-Appellant, Michael Koch, et al., Plaintiffs,
v
Sheresky, Aronson & Mayefsky LLP, et al., Defendants-Respondents.


Andrew Lavoott Bluestone, New York, for appellant.
Traub Lieberman Strauss & Shrewsberry LLP, Hawthorne (Chelsea Four-Rosenbaum of counsel), for Sheresky, Aronson & Mayefsky LLP and David Aronson, respondents.
McManus Ateshoglou Adams Aiello & Apostolakos PLLC, New York (Christopher D. Skoczen of counsel), for Bragar, Wexler, Eagel & Morgenstern, P.C. and Raymond A. Bragar, respondents.
L'Abbate Balkan, Colavita & Contini, L.L.P., Garden City (Noah Nunberg of counsel), for Ragues & Min, Esqs. and Raymond Ragues, respondents.
Furman Kornfeld & Brennan LLP, New York (Rachel Aghassi of counsel), for D'Agostino & Salvi, LLP and Frank J. Salvi, respondents.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered December 15, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motion to preclude plaintiff Vladimira Koch from testifying at trial, and denied plaintiff's cross motion to supplement or amend the complaint and for an advisory jury pursuant to CPLR 4212, unanimously affirmed, without costs. Order, same court and Justice, entered October 14, 2015, which, to the extent appealed from as limited by the briefs, ordered plaintiff to appear for a deposition on a specified date or be precluded from testifying at trial, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 22, 2016, which denied plaintiff's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.
We reject plaintiff's argument that the December 2015 order contravenes an April 2013 stipulation between the parties. The order does not contradict the stipulation in any material way. Indeed, plaintiff relies on superficial variations between the order and the stipulation to justify her refusal to comply with the order. In the stipulation, plaintiff agreed to appear for the continuation of her deposition from day to day until its completion. It is uncontested that she did not do so.
The court properly denied plaintiff's cross motion to supplement or amend the complaint. The 22 proposed causes of action against plaintiff Vladimira Koch's former attorneys are palpably insufficient and clearly devoid of merit (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499 500 [1st Dept 2010]; see CPLR 3025[b]).
The court also properly denied plaintiff's motion for a hearing before an advisory jury [*2]pursuant to CPLR 4212. Plaintiff failed to explain the necessity for such a hearing or to substantiate her claim of bias on the part of the special referee, who had denied her motion for a protective order and directed her to appear for a deposition. Plaintiff's motion for the appointment of an advisory jury after the special referee denied her motion for a protective order suggests a strategy to avoid the discovery orders entered against her as a result of her willful noncompliance.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK