Leon v Harlan (2020 NY Slip Op 00496)





Leon v Harlan


2020 NY Slip Op 00496


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


10850N 153936/15

[*1] Laura Leon, Plaintiff-Appellant,
v
Wyatt Harlan, et al., Defendants-Respondents.


Stuart Perry, P.C., New York (Stuart S. Perry of counsel), for appellant.
O'Donnell & Fox, P.C., New York (William G. O'Donnell, Jr. of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about February 13, 2019, which denied plaintiff's motion for leave to amend the complaint, unanimously affirmed, with costs.
The IAS court properly exercised its discretion in denying plaintiff's motion for leave to amend the complaint against defendant Harlan, her former neighbor (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). Plaintiff previously settled with defendant's insurance carrier and signed a release that settled all of its "causes of action . . . claims and demands" that plaintiff "ever had . . or hereafter can, shall or may have . . ." against defendant. Plaintiff's proposed cause of action for constructive eviction is clearly barred by the plain terms of the release (Centro Empresarial Cempresa S.A. v America Movil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]).
Moreover, notwithstanding the release, the proposed constructive eviction claim is also "palpably insufficient" and "devoid of merit" (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 499 [1st Dept 2010]). Among other infirmities, plaintiff has failed to properly allege a cause of action for a constructive eviction, which requires a wrongful act by a landlord that deprives the tenant of the beneficial enjoyment or actual possession of the demised premises (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82-83 [1970]).
We have considered plaintiff's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK