Project Cricket Acquisition, Inc. v Florida Capital Partners, Inc. (2020 NY Slip Op 01400)





Project Cricket Acquisition, Inc. v Florida Capital Partners, Inc.


2020 NY Slip Op 01400


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.


11159N 652524/15

[*1] Project Cricket Acquisition, Inc., Plaintiff-Appellant,
v
Florida Capital Partners, Inc., et al., Defendants-Respondents.


Adam M. Burton, New York, for appellant.
Mintz & Gold LLP, New York (Terence W. McCormick and Evan I. Cohen of counsel), for Florida Capital Partners, Inc., Florida Capital Partners II, Inc., FCP Investors VI, LP, FCP Investors VI (Parallel Fund), LP, FCP Partners VI, LLC and Cricket Stockholder Rep, LLC, respondents.
Akin Gump Strauss Hauer & Feld LLP, New York (Brian T. Carney of counsel), for Barry J. Thibodeaux, Thomas P. Bayham, Thomas R. Sumner, George T. Malvaney, Larry N. Lee, Robert Williams, Rodney Powell, Robert Keesee, Eric Hoffman, David Zachary and Clay Cox, respondents.



Order, Supreme Court, New York County (Salliann Scarpulla, J.), entered January 14, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to amend the complaint to allege fraud in the inducement, civil conspiracy, and breach of sections 2.2 and 2.3 of the stock purchase agreement, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying leave to amend the complaint (see e.g. MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). The additional allegations of fraud in the inducement in the proposed Second Amended Complaint (SAC) merely add detail to previously alleged misrepresentations made in connection with plaintiff's purchase of USES Holding Corp. and its subsidiaries (the Company). They do not substantively change the fraud in the inducement claim in the First Amended Complaint (FAC), which this Court dismissed as duplicative of the pending indemnification claims, which arise from alleged breaches of representations and warranties in the stock purchase agreement (SPA) (see Community Energy Alternatives v Peatco II, 243 AD2d 371 [1st Dept 1997]; see also Project Cricket Acquisition, Inc. v FCP Invs. VI, L.P., 159 AD3d 600 [1st Dept 2018], lv dismissed in part, denied in part 32 NY3d 1080 [2018]).
Absent a valid underlying fraudulent inducement claim, Supreme Court properly denied leave to amend the FAC to plead civil conspiracy (Kuroda v SPJS Holdings, L.L.C., 971 A2d 872, 892 [Del Ch 2009]).
Supreme Court also properly denied leave to plead a claim for breach of sections 2.2 and 2.3 of the SPA, which set forth the purchase price adjustment protocol. The proposed SAC alleges that the net working capital statement was not prepared consistently with GAAP or the Company's historical accounting practices and that executives instead repeatedly changed the Company's accounting practices and manipulated the net working capital statement to maximize profits. Even assuming these allegations are not barred by Chicago Bridge & Iron Co. N.V. v Westinghouse Elec. Co. LLC (166 A3d 912, 916 [Del 2017]), plaintiff's corrected closing working capital statement was not delivered within the period specified in the SPA, as this Court observed when it previously dismissed the same cause of action (Project Cricket Acquisition, 159 AD3d at 601). Although the proposed SAC alleges that defendants prepared a draft closing net working capital statement and somehow prevented plaintiff from making the necessary corrections in time, the SPA makes clear that timely calculation and preparation of the closing [*2]net working capital statement was plaintiff's obligation. Accordingly, the new allegations do not change the fact that plaintiff's corrected closing net working capital statement was not delivered in time to calculate and receive a purchase price adjustment under the SPA.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK