Raffelo v Thompson Assets, LLC (2020 NY Slip Op 06728)





Raffelo v Thompson Assets, LLC


2020 NY Slip Op 06728


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Renwick, J.P., Kern, Scarpulla, Shulman, JJ. 


Index No. 155811/17 Appeal No. 12155N Case No. 2020-00085 

[*1]Salvatore Raffelo et al., Plaintiffs-Respondents,
v
Thompson Assets, LLC, Defendant-Appellant.


Rosenberg & Estis, P.C., New York (Jeffrey Turkel and Jillian Levitt of counsel) for appellant.
Ween & Kozek, LLC, Brooklyn (Michael P. Kozek of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 10, 2019, which, insofar as appealed from, denied defendant landlord's CPLR 3025 motion for leave to amend its answer to assert affirmative defenses and counterclaims, unanimously affirmed, without costs.
In a prior holdover proceeding brought by landlord against plaintiff tenants, in seeking to overcome tenants' defense of rent stabilization, landlord contended that its predecessor's 1999 expansion of the subject apartment created a new unit, so that the unit's earlier rent history did not apply. Landlord maintained that its predecessor was then entitled to, and did, charge a new first rent of $2,500, which was above the then applicable $2,000 luxury deregulation threshold. Housing Court, affirmed by Appellate Term, rejected landlord's claim, holding that landlord had failed to establish that any "new apartment" was created in 1999 (see Thompson Assets LLC v Raffelo, 61 Misc 3d 130[A], 2018 NY Slip Op 51411[U] [App Term, 1st Dept 2018]). Hence, the prior litigation definitively disposed of landlord's claim that its predecessor created a "new apartment" in 1999, and landlord is precluded from asserting this allegation, even though it is now submitted for the purpose of establishing a base rent, rather than showing luxury deregulation (see Matter of Hunter, 4 NY3d 260, 269 [2005]).
As landlord is precluded, by res judicata, from asserting the claim underlying its proposed affirmative defenses and counterclaims, the motion court providently exercised its discretion in denying landlord leave to amend its answer to assert those defenses and counterclaims (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499 [1st Dept 2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020