Verdi v Dinowitz (2022 NY Slip Op 02888)

Verdi v Dinowitz

2022 NY Slip Op 02888

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, JJ. 

Index No. 158747/16 Appeal No. 15839-15840-15840A Case No. 2021-00937 2021-01612 202102802 

[*1]Manuele Verdi etc., Plaintiff-Appellant,
v
Jeffrey Dinowitz etc., Defendant-Respondent. Randi Martos et al., Nonparty Respondents. 

Ezra B. Glaser & Associates, Brooklyn (Ezra B. Glaser of counsel), for appellant.
Stroock & Stroock & Lavan LLP, New York (Charles G. Moerdler of counsel), for respondents.

Orders, Supreme Court, New York County (Lynn R. Kotler, J.), entered February 22, 2021, April 16, 2021, and July 22, 2021, which, to the extent appealed from, respectively, denied plaintiff's motion for leave to file a third amended complaint, denied plaintiff's motion to compel nonparty witnesses to comply with subpoenas, and denied plaintiff's renewed motions for the nonparty discovery and granted defendant's motion to quash subpoenas served on his counsel, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiff's motion for leave to amend the second amended complaint to allege a demand for punitive damages in connection with the defamation causes of action (see Consolidated Edison Co. of N.Y. v General Acc. Ins. Co., 204 AD2d 164, 165 [1st Dept 1994]). The proposed amendments were palpably insufficient and patently devoid of merit (LDIR, LLC v DB Structured Prods., Inc., 172 AD3d 1, 4 [1st Dept 2019]; see CPLR 3025[b]).
The pleadings allege that the defamatory statements were made with political and racial motivations, as well as a desire to shift blame, rather than, as required for punitive damages in a defamation claim, that defendant was motivated solely by malice (Morsette v The "Final Call", 309 AD2d 249, 255 [1st Dept 2003], appeal dismissed 5 NY3d 756 [2005]). As we rejected plaintiff's prior attempt to plead damages on the same ground (see Verdi v Dinowitz, 188 AD3d 441, 442 [1st Dept 2020]), and his additional conclusory allegations that malice was the sole motivating factor does not substantively alter his demand for punitive damages, the proposed amendment is barred by law of the case (see Project Cricket Acquisition, Inc. v Florida Capital Partners, Inc., 180 AD3d 627, 627 [1st Dept 2020]; Community Energy Alternatives v Peatco II, 243 AD2d 371, 371 [1st Dept 1997]). In addition, defendant would be prejudiced by the amendment at this late stage of this already prolonged litigation.
The court's April 16, 2021 order properly denied plaintiff's motion to compel nonparties to comply with subpoenas, based on procedural grounds. In the July 22, 2021 order, the court properly denied plaintiff's renewed motion to compel nonparty Randi Martos to comply with a so-ordered subpoena served on January 9, 2021, after the court's deadline for discovery-related motions. Plaintiff failed to provide good cause for his delay in seeking the discovery and moving to compel. The fact that the subpoena was so-ordered did not obviate the need to explain the reason for the delay.
The court also properly denied plaintiff's renewed motion to compel nonparty Laura Moukas to comply with a previously served subpoena. Even assuming that Moukas was properly served, plaintiff waived his request to call her for a third day of deposition, and he failed to state what, if any, further documents were needed from her, as she produced documents on two prior occasions. The court properly granted defendant's motion to [*2]quash the subpoenas served on three of his counsel. The information sought was irrelevant or available from other sources, including numerous nonparty witnesses who had been deposed and had provided documents (see Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 403-404 [1st Dept 2018]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022