Ellington Owners Corp. v 200 Bradhurst Devs. LLC (2024 NY Slip Op 51111(U))

[*1]

Ellington Owners Corp. v 200 Bradhurst Devs. LLC

2024 NY Slip Op 51111(U)

Decided on August 27, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 27, 2024
Supreme Court, New York County

Ellington Owners Corp., THE BOARD OF MANAGERS OF THE ELLINGTON CONDOMINIUM, Plaintiff,

against
200 Bradhurst Developers LLC, DUVERNAY ELLINGTON LLC, DUVERNAY & BROOKS LLC, PENNROSE PROPERTIES, LLC D/B/A PENNROSE PROPERTIES OF PENNSYLVANIA, WEST MANOR CONSTRUCTION CORP., THE BLUESTONE ORGANIZATION, INC., NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., Defendant.

Index No. 155143/2018

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 009) 149, 150, 151, 152, 153, 154, 155, 156, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 169, 170 were read on this motion to AMEND CAPTION/PLEADINGS.
This is a construction defect action in which it is alleged that defendant construction companies, contractors, and developers negligently constructed the Ellington Condominium located at 130 Bradhurst Avenue in Harlem. In motion sequence 009, plaintiffs move for an order granting leave to file a second amended complaint.
By order dated October 9, 2019, this court (O. Peter Sherwood, J.) dismissed plaintiffs' claims based on a corporate veil-piercing theory against defendant Bluestone. The Appellate Division affirmed this court's decision finding plaintiffs "failed to allege that Bluestone abused the corporate form to injure plaintiffs" (NYSCEF doc. no. 148, pg. 2).
Now, plaintiffs seek leave to file a second amended complaint, to re-allege how Bluestone purportedly abused the corporate form.
Pursuant to CPLR 3025, a party may amend a pleading "at any time by leave of court" (CPLR 3025 [b]). "While it is true that on a motion for leave to amend [a pleading] the movants need not establish the merit of [their] proposed new allegations, they must show that the proffered amendment is not palpably insufficient or clearly devoid of merit" (Sahmanovic v Kingsbridge Realty Assoc., LLC, 197 AD3d 1077 [1st Dept 2021]). Claims that contain only bare legal conclusions without supporting facts are subject to dismissal (see Comm'rs of the State Ins. Fund v Ramos, 63 AD3d 453 [1st Dept 2009]). Otherwise, leave to amend "should be freely granted, absent prejudice or surprise resulting therefrom" (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499 [1st Dept 2010]).
Plaintiffs assert that leave to amend should be granted because defendants are not surprised or prejudiced by the proposed amendments. According to plaintiffs, allegations that Bluestone abused the corporate form to perpetrate wrongs against plaintiffs are apparent from a [*2]"fair reading" of the amended complaint and are merely amplified by the second amended complaint (NYSCF doc. no. 156, pg. 8). Moreover, plaintiffs assert the proposed new allegations are premised upon the same substantive allegations of the amended complaint which are known to defendants (id.).
In opposition, defendants submit that the proposed allegations lack merit and restate the same claims set forth in the amended complaint (NYSCEF doc. no. 159, para.19). Defendants claim that plaintiffs merely restate the conclusory allegations that Bluestone exercised dominion and control over defendant West Manor, which is insufficient to sustain a veil piercing theory of liability (id. at para. 20). Further, defendants allege that the second amended complaint does not relate to any claims previously asserted, making it untimely (id. at para. 22).
The instant motion was accompanied by plaintiffs' proposed second amended complaint (NYSCEF doc. no. 151) and an affirmation of counsel (NYSCEF doc. no. 150). Plaintiffs have met their prima facie burden. Once a basis for the amendment has been established, the inquiry ends, unless prejudice or surprise results directly from the filing (Pier 59 Studios, L.P. v Chelsea Piers, L.P., 40 AD3d 363, 366 [1st Dept 2007]).
The opposition challenges the sufficiency and timing of the second amended complaint but fails to identify any prejudice or surprise by the amendment. A defendant will only be prejudiced if there is "some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add" (Pegno Constr. Corp. v City of New York, 95 AD2d 655, 656 [1983], quoting Siegel, New York Practice § 237 at 289). Prejudice requires a demonstration that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]). There is no evidence before the court, here, that leave to amend would result in undue prejudice or surprise.
Additionally, defendants neither challenge plaintiffs' proposition that Bluestone and West Manor are united in interest nor refute that the second amended complaint, taken as a whole, is premised upon the same substantive allegations as the amended complaint. Defendants also do not argue that Bluestone is without adequate notice or that the preexisting action or claims, upon which the amendment is based, are invalid (S. Wine & Spirits of Am., Inc. v Impact Env't Eng'g, PLLC, 80 AD3d 505, 505—06 [1st Dept 2011]["[r]elation back applies to the amendment of claims and parties and is dependent upon the existence of a valid preexisting action"]). Accordingly, the relation-back doctrine allows for the instant amendment, rendering the second amended complaint timely (Ramirez v Elias-Tejada, 168 AD3d 401 [1st Dept 2019]["[w]here a plaintiff seeks to add new defendants, not just assert more claims against defendants already in the action, the following three conditions must be met before claims against one defendant may relate back to claims against another: (1) both claims arose out of same conduct, transaction or occurrence; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for a mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well."]).
Given the liberal standard to amend and the absence of undue prejudice, this court concludes that plaintiffs' request for leave to amend the complaint should be granted.
Accordingly, it is hereby
ORDERED that the plaintiffs' motion for leave to amend the complaint herein is granted (motion seq. no. 009), and the second amended complaint in the proposed form annexed to the moving papers (NYSCEF doc. no. 151) shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further
ORDERED that the defendants shall serve an answer to the second amended complaint or otherwise respond thereto within 20 days from the date of said service; and it is further
ORDERED that counsel are directed to appear for a virtual status conference on September 19, 2024 at 11:00 a.m.
DATE August 27, 2024
ROBERT R. REED, J.S.C.