| |
|---|
| **Mosley v RCPI Landmark Props., LLC** |
| 2024 NY Slip Op 33033(U) |
| August 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150907/2018 |
| Judge: James E. d'Auguste |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>Hon. James E. d'Auguste</u> | **PART 55** |
| *Justice* | |

---------------------------------------------------------------------------------X

| | | |
|---|---|---|
| SHARMAINE MOSLEY, | **INDEX NO.** | <u>150907/2018</u> |
| Plaintiff, | **MOTION DATE** | <u>06/05/2024</u> |
| - v - | **MOTION SEQ. NO.** | <u>001</u> |
| RCPI LANDMARK PROPERTIES, LLC, TISHMAN SPEYER PROPERTIES, L.P, RCPI HOLDCO, LLC, AND SCHINDLER ELEVATOR CORPORATION, | **DECISION + ORDER ON MOTION** | |
| Defendants. | | |

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73

were read on this motion to/for           <u>          DISMISS          </u>.

Plaintiff Sharmaine Mosley brings this action to recover damages for personal injuries allegedly sustained on January 19, 2018, when the elevator in which she was traveling suddenly dropped. Defendants RCPI Landmark Properties, LLC (RCPI Landmark), Tishman Speyer Properties, L.P. (Tishman), RCPI Holdco, LLC, and Schindler Elevator Corporation (Schindler) (collectively, defendants) move, pursuant to CPLR 3025, to amend their answer to plead an affirmative defense of res judicata and collateral estoppel and to deem the amended answer served *nunc pro tunc*. Upon granting leave to amend, defendants move, pursuant to CPLR 3211 (a) (5), to dismiss the complaint based on that defense. The motion is granted in part, as set forth below.

## Background

According to the complaint, the accident occurred at the premises known as 1 Rockefeller Plaza, New York, New York (the Premises) (NYSCEF Doc No. 54, Gunaydin affirmation, exhibit A, ¶¶ 19-20). RCPI Landmark owns the Premises (*id*., ¶¶ 21-22; NYSCEF Doc No. 56, Gunaydin affirmation, exhibit B). Schindler had a duty to inspect the elevators at the Premises (NYSCEF

**150907/2018   MOSLEY, SHARMAINE vs. RCPI LANDMARK PROPERTIES, LLC**
**Motion No. 001**

**Page 1 of 4**

[* 1]

Doc No. 54, ¶ 63; NYSCEF Doc No. 55, Gunaydin affirmation, exhibit B). Plaintiff, a Tishman employee (NYSCEF Doc No. 57, Gunaydin affirmation, exhibit D, ¶ 18), alleges that on January 29, 2018, she was traveling in elevator no. 5S14 at the Premises when it dropped suddenly and without warning, causing her to sustain injury (NYSCEF Doc No. 54, ¶ 67). Plaintiff commenced this action 10 days later by filing a summons and complaint alleging that defendants were negligent in their ownership, operation and maintenance of the Premises, including the subject elevator. Defendants RCPI Landmark, Tishman Speyer Properties, L.P. and RCPI Holdco, LLC, and Schindler, separately, interposed answers.

Defendants now move to amend their answer to plead a sixth affirmative defense of res judicata and collateral estoppel and to dismiss the complaint upon such defense. In a November 27, 2019, memorandum decision issued on plaintiff's claim for workers' compensation benefits, the Workers' Compensation Board (the WCB) concluded:

> "In the present case, the claimant's account of the accident, although consistently relayed to the providers, is wholly refuted by the video footage. There was no occurrence as described by the claimant in her testimony or in the C-3, prior or after the four second gap in the footage from 6:58:33 a.m. to 6:58:37 a.m. The surveillance captured the claimant and another co-worker operating the elevator to transport workers with no incident from 6:30:51 a.m. to 6:50 a.m. Thereafter, the elevator remained on the same floor, as reflected by the same tiled floor and debris in the background of the opened elevator door that did not again close, and the unlit floor panel. The uniformed, hatted co-worker came and looked at the elevator and exited without the claimant; he did not come and get her as the claimant set forth. Additionally, the video ends with the claimant placing a cone and out-of-service sign prior to getting her bag and leaving the elevator, when the claimant testified that her co-worker had taken her upstairs.

> "Therefore, the Board Panel finds, upon review of the record and based upon a preponderance of the evidence, that there is insufficient evidence that the accident occurred" (NYSCEF Doc No. 62, Gunaydin affirmation, exhibit I at 20-21).

The WCB disallowed the claim and closed plaintiff's case (*id*. at 21). Defendants argue that the WCB's decision is entitled to preclusive effect.

**150907/2018   MOSLEY, SHARMAINE vs. RCPI LANDMARK PROPERTIES, LLC**
**Motion No.  001**

**Page 2 of 4**

2 of 4

[* 2]

Plaintiff, in response, submits that she does not oppose the initial relief requested on the motion. However, to the extent defendants seek to assert a sixth affirmative defense that the action is barred by res judicata and collateral estoppel (NYSCEF Doc No. 65, Gunaydin affirmation, exhibit L, ¶ 9), plaintiff posits that the amendment is without merit. Under a recent amendment to the Worker's Compensation Law, except for determinations on employer/employee relationships, WCB decisions are not entitled to preclusive effect. Plaintiff also contends that the complaint should not be dismissed as barred by the doctrines of res judicata and collateral estoppel.

Discussion

It is well settled that "'leave to amend a pleading should be freely granted in the absence of prejudice to the non-moving party where the amendment is not patently lacking in merit'" (*Davis v South Nassau Communities Hosp*., 26 NY3d 563, 580 [2015] [citation omitted]). "[A] party opposing leave to amend 'must overcome a heavy presumption of validity in favor of [permitting amendment]'" (*McGhee v Odell*, 96 AD3d 449, 450 [1st Dept 2012] [citation omitted]), by demonstrating prejudice or surprise or that the amendment is palpably insufficient or patently devoid of merit (*MBIA Ins. Corp. v Greystone & Co., Inc*., 74 AD3d 499, 499 [1st Dept 2010]).

Plaintiff has demonstrated that the proposed sixth affirmative defense is patently devoid of merit. Workers' Compensation Law § 118-a, known as the Justice For Injured Worker's Act (L 2022, ch 835, § 1), provides, in pertinent part, that "no finding or decision by the workers' compensation board, judge or other arbiter shall be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence, other than the determination of the existence of an employer employee relationship." The purpose of the Act is "[t]o correct recent court decisions that granted preclusive effect to decisions of the Workers' Compensation Board (WCB), barring injured workers from seeking justice through the courts because of an

**150907/2018   MOSLEY, SHARMAINE vs. RCPI LANDMARK PROPERTIES, LLC**          **Page 3 of 4**
  **Motion No.  001**

[* 3]

administrative decision of the WCB" (Senate Introducer's Mem in Support of 2021 NY Senate Bill S9149). It has been held that the statute, effective December 30, 2022 (L 2022, ch 835, § 2), applies retroactively (*see Nellis v Cadman Assoc. LLC*, 82 Misc 3d 553, 555-556 [Sup Ct, Kings County 2023], citing *Pacheco v P.V.E. Co., LLC*, 80 Misc 3d 1109, 1112 [Sup Ct, Kings County 2023]). Consequently, because the WCB's determination that there was insufficient evidence of an accident having occurred has no preclusive effect, plaintiff is not prohibited from maintaining this action. In view of the foregoing, defendants' motion to dismiss the complaint is also denied.

Accordingly, it is

ORDERED that the branch of the motion brought by defendants RCPI Landmark Properties, LLC, Tishman Speyer Properties, L.P., RCPI Holdco, LLC, and Schindler Elevator Corporation for leave to amend their answer is granted to extent of granting defendants leave to serve an amended answer in the proposed form annexed to the moving papers as exhibit L (NYSCEF Doc No. 65), but leave to add the proposed sixth affirmative defense that "Plaintiff's claim is barred pursuant to the doctrines of collateral estoppel/res judicata" is denied; and it is further

ORDERED that the amended answer in the proposed form annexed to the moving papers shall be deemed served *nunc pro tunc* upon service of this order with written notice of entry; and it is further

ORDERED that the branch of defendants' motion to dismiss the complaint is denied.

| 8/28/2024 | | |
|---|---|---|
| **DATE** | | **James d'Auguste, J.S.C.** |

| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**150907/2018   MOSLEY, SHARMAINE vs. RCPI LANDMARK PROPERTIES, LLC**
**Motion No.  001**

Page 4 of 4

4 of 4