Dean v State of New York (2025 NY Slip Op 01571)

Dean v State of New York

2025 NY Slip Op 01571

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Appeal No. 3922|Case No. 2024-05764|Claim No. 139840

[*1]Mae Dean, Claimant-Respondent,
v
State of New York, Defendant-Appellant.

Letitia James, Attorney General, New York (Douglas E. Wagner of counsel), for respondents.
Slater Slater Schulman LLP, Melville (Jay L.T. Breakstone of counsel), for respondent.

Order of the Court of Claims of the State of New York (Seth M. Marnin, J.), entered August 9, 2024, which granted claimant's motion for leave to file an amended claim, unanimously affirmed, without costs.
The Court of Claims providently exercised its discretion in granting claimant leave to amend her claim to add new allegations of sexual abuse committed by an additional correction officer. All the new allegations concerned conduct that took place within the timeframe specified in the original pleading and at a specific prison facility also specified in the original pleading. New York State, the sole respondent, has not shown, or even argued, that it has been prejudiced or surprised by these amendments (CPLR 3025[b]; see Herrera v Highgate Hotels, L.P., 213 AD3d 455, 456 [1st Dept 2023]). Indeed, claimant's proposed amendments do not add new parties or causes of action to the original pleading. Rather, the additional allegations supplement the claims against New York State for negligent hiring, training, supervision, and retention of New York State prison employees (see O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 88 [1st Dept 2017]; MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 499 [1st Dept 2010]).
The State is correct that the one-year statutory revival period for bringing stale sexual abuse claims expired five months before claimant moved to amend her otherwise timely filed original pleading (see CPLR 214-j). However, the proposed amendments relate back to the sufficiently pleaded sexual abuse occurrences alleged in the original pleading (see CPLR 203[f]; O'Halloran v Metropolitan Transp. Auth., 154 AD3d at 86-87]). The claims are the same, the parties are the same — New York State alone as respondent and not the individual correction officers — and the timeframe and location of the occurrences are the same.
Moreover, the original pleading satisfies the strict pleading requirements of Court of Claims Act § 11(b). The time, place, nature of the sexual abuse, and claimed damages were sufficiently set forth in the original pleading as to the offenses allegedly committed by the four correction officers and "others." Nor does the proposed amendment to the claim including new allegations of similar conduct against an additional correction officer render either the original pleading or the amended pleading jurisdictionally defective.
We have considered respondent's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025