3502 Partners LLC v Metropolitan Transp. Auth. (2026 NY Slip Op 01118)

3502 Partners LLC v Metropolitan Transp. Auth.

2026 NY Slip Op 01118

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 159700/21|Appeal No. 5973|Case No. 2025-00251|

[*1]3502 Partners LLC, Plaintiff-Respondent,
vMetropolitan Transportation Authority et al., Defendants-Appellants.

Cullen and Dykman LLP, New York (Michael E. Joseph of counsel), for appellants.
Weg and Myers, P.C., Rye Brook (Danielle N. Johnson of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered November 20, 2024, which granted plaintiff's motion for leave to amend its complaint, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting plaintiff's motion for leave to amend the complaint to include allegations of gross negligence. Plaintiff sufficiently demonstrated that the proposed amendment was not palpably insufficient or clearly devoid of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 499-500 [1st Dept 2010]). The new allegations, if proven, may be sufficient to establish that defendants acted with reckless disregard for plaintiff's rights, or did not even exercise slight care. Defendants failed to demonstrate either surprise or prejudice from the proposed amendment (see CPLR 3025[b]; Murray v City of New York, 43 NY2d 400, 405 [1977]; Pier 59 Studios, L.P. v Chelsea Piers, L.P., 40 AD3d 363, 366-367 [1st Dept 2007]). The proposed amended complaint does not seek to add entirely new facts, and instead relies on material provided by defendants late in the discovery phase to assert that defendants' conduct, related to the same events set forth in the initial complaint, rises to a level sufficient to establish gross negligence. Supreme Court made clear that defendants will be given an opportunity to conduct discovery necessary to address the gross negligence claim and make dispositive motions if warranted. There is no indication that defendants have lost the opportunity to obtain evidence or testimony because of any delay.
Defendants failed to argue before Supreme Court that some of them may be immune from an award of punitive damages because of their alleged status as public benefit corporations. In any event, defendants have failed to make a sufficient showing that all of them would be immune from punitive damages, and there is no dispute that one of them — Tutor Perini Corporation — does not qualify as a public benefit corporation. Thus, even assuming that some of the defendants enjoy immunity, that fact does not lead to conclusion that plaintiff's proposed gross negligence cause of action is entirely devoid of merit.
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026