10839 Assoc. v Big Apple E Time LLC (2026 NY Slip Op 01728)

10839 Assoc. v Big Apple E Time LLC

2026 NY Slip Op 01728

Decided on March 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026

Before: Manzanet-Daniels, J.P., Shulman, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 651757/23|Appeal No. 6175|Case No. 2025-00860|

[*1]10839 Associates, Respondent,
vBig Apple E Time LLC, et al., Appellants.

Donald Eng, New York, for appellants.
Platte, Klarsfeld & Levine, LLP, New York (Jeffrey H. Klarsfeld of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about January 22, 2025, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment as to liability on its claims seeking rent arrears and attorneys' fees and dismissing defendants' third and fourth affirmative defenses, and denied defendants' cross-motion for leave to amend the answer to add an affirmative defense sounding in breach of the implied covenant of good faith and fair dealing, unanimously affirmed, without costs.
Supreme Court properly granted summary judgment as to liability on plaintiff landlord's claims for breach of the lease and the personal guaranty. Defendants conceded that defendant tenant failed to pay any rent, even after it began renovations to the premises, and that it and defendant guarantor owe at least some money. Additionally, the lease and guaranty both authorize recovery of attorneys' fees and costs.
Supreme Court properly dismissed defendants' third affirmative defense claiming constructive eviction. Constructive eviction requires the tenant to "abandon the premises before he may be relieved of the duty to pay rent" (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 80-81 [1970]). Here, defendant guarantor averred that the renovations continued for more than a year after tenant admittedly gained possession of the premises. In any event, defendants cannot demonstrate a "wrongful act [by plaintiff] that deprive[d] the tenant of the beneficial enjoyment or actual possession of the premises" since the lease required the tenant, a restaurant, to furnish, maintain, and repair the ventilation and gas services (see Leon v Harlan, 179 AD3d 559, 559 [1st Dept 2020]).
Supreme Court also properly dismissed the fourth affirmative defense seeking to limit defendants' liability for rents due after signing the surrender agreement. "[A] court may enforce a lease containing a provision that a defaulting tenant is liable for rent after the lease is terminated. Furthermore, a landlord may reserve its rights under the lease to seek damages for unpaid rent; when the landlord reserves those rights, the surrender does not relieve the tenant of its lease obligations" (163 W. 48th Realty LLC v Sunflower Natural Spa Inc., 237 AD3d 523, 524 [1st Dept 2025] [internal quotation marks omitted]). Any purported statements by plaintiff promising not to sue defendants for unpaid rent cannot be relied upon, as the surrender agreement contained a merger clause (see Suber v Churchill Owners Corp., 228 AD3d 414, 414-415 [1st Dept 2024]).
Leave to amend the answer was providently denied, as the proposed affirmative defense of breach of the implied covenant of good faith and fair dealing was based on allegations duplicative of those surviving the second affirmative defense based on the tenant's purported delay in taking possession (see Embarq, L.L.C. v Bank of N.Y. Mellon Trust Co., N.A., 242 AD3d 569, 572 [1st Dept 2025]; Suber, 228 AD3d at 415). To the extent the proposed defense was based on allegations related to tenant's obligation to pay rent that became due after the signing of the Surrender Agreement, it is duplicative of the dismissed fourth affirmative defense (id.).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2026