Finkelstein v U.S. Bank, N.A. (2023 NY Slip Op 04177)

Finkelstein v U.S. Bank, N.A.

2023 NY Slip Op 04177

Decided on August 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 03, 2023

Before: Webber, J.P., Singh, Moulton, González, Pitt-Burke, JJ. 

Index No. 650849/21 Appeal No. 16517 Case No. 2022-02119 

[*1]Stephen Finkelstein, Plaintiff-Respondent,
v
U.S. Bank, National Association etc., Defendant-Appellant.

Jones Day, New York (Michael T. Marcucci of counsel), for appellant.
Lundin PLLC, New York (John M. Lundin of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered May 2, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the breach of contract claims related to BSABS 2006-AC2, HEAT 2004-3, HEAT 2004-4, HEAT 2006-6, STARM 2007-S1, SURF 2006-BC4, and WMLT 2006-WMC1 ("Agrees to Exercise" Trusts); ARMT 2005-6A, ARMT 2005-7, ARMT 2005-10 (ARMT Trusts); BAFC 2006-I and BAFC 2007-C (BAFC Trusts); BASIC 2006-1 (Guarantor Trust); and the subset of 11 trusts governed by pooling and servicing agreements (PSAs) requiring defendant to enforce the transferor's obligation to repurchase mortgage loans that are in breach of the representations and warranties of the transferor (Transferor Trusts), unanimously reversed, on the law, with costs, and the motion granted.
Plaintiff, a certificateholder of 29 residential mortgage-backed security trusts for which defendant is the trustee, claims that defendant breached its pre-Event of Default contractual obligation to enforce the seller or other obligated party's obligation to repurchase improperly documented mortgage loans. Defendant contends that, for some subset of the trusts at issue, it either had no such duty or the duty was not triggered.
The PSAs for nine of the trusts expressly state that the "the Trustee shall enforce the obligations . . . to repurchase such Mortgage Loan." By contrast, the PSAs for the remaining trusts lack this provision. "Omission of such language . . . is compelling proof of the lack of an affirmative duty to enforce the repurchase protocol" (IKB Intl., S.A. v Wells Fargo Bank, N.A., — NY3d &mdash, 2023 NY Slip Op 03302, *3 [2023]; see also Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 560 [2014] ["if parties to a contract omit terms—particularly, terms that are readily found in other, similar contracts—the inescapable conclusion is that the parties intended the omission"]). Instead, the remaining PSAs contain other language that plaintiff contends implies a repurchase obligation.
The PSAs for the "Agrees to Exercise" Trusts state that "[t]he Trustee agrees to . . . exercise the rights referred to above for the benefit of all present and future Holders of the Certificates." This language does not give rise to a document defect enforcement duty on the part of defendant, but rather "explains that the Trustee must act for the benefit of certificateholders when the Trustee is exercising the rights described" in that particular provision (see IKB Intl., 2023 NY Slip Op 03302, *2-3; see also Western & S. Life Ins. Co. v U.S. Bank N.A., 209 AD3d 6, 12-14 [1st Dept 2022]).
The provisions in the PSAs for the ARMT Trusts stating that the trustee "holds and will hold . . . documents delivered to it constituting the Mortgage File . . . in trust for the exclusive use and benefit of all present and future Certificateholders," and is responsible for identifying document defects, do not create a document defect enforcement duty. Such [*2]a duty may not be implied from the structure of the agreements.
The representation and warranty (R&W) enforcement duty set forth in the PSAs for the Transferor Trusts was not a proper basis for plaintiff's document defect enforcement duty-based claims, notwithstanding the existence of R&Ws regarding the completeness of the mortgage files. Defendant was only required to enforce the repurchase obligations set forth in the R&W provisions of the PSAs and separate transfer agreements, which may be different from those set forth in the document defect provisions of the PSAs.[FN1]
Plaintiff's claim for failure to enforce the document defect repurchase obligation as against the "Obligors" of the Guarantor Trust was not properly asserted against defendant trustee, as the PSA for that trust placed the duty to enforce the obligor's repurchase obligations on the Securities Administrator.[FN2]
Plaintiff did not allege that defendant's document defect enforcement duty was triggered as to the two BAFC Trusts. The PSAs for those trusts conditioned the enforcement duty on receipt of written notice of a failure to cure a document defect. Such notice must be provided before a suit is filed (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 38 NY3d 169, 181-183 [2022]). While the complaint alleged that defendant had knowledge of the defects, it did not allege that information about the defects was provided to defendantin writing (see DLJ, 38 NY3d at 181; Phoenix Light SF Ltd. v Bank of N.Y. Mellon, 2017 WL 3973951, *16-17, 2017 US Dist LEXIS 145044, *43-47 [SD NY, Sept. 7, 2017, No. 14-CV-10104 (VEC)]; see also American Mfrs. Mut. Ins. Co. v CMA Enters., 246 AD2d 373, 373 [1st Dept 1998]). The allegations relying on the written certifications prepared by defendant or its agents were insufficient to state a claim. Those documents did not constitute written notice under the PSAs, as it makes little sense for a party to provide written notice to itself (see Western & S. Life Ins. Co., 209 AD3d at 16-17; Phoenix Light SF Ltd., 2017 WL 3973951 at *17, 2017 US Dist LEXIS 145044 at *46). Further, a contrary interpretation would render the requirement of written notice meaningless, as defendant was already charged with reviewing the documents received and identifying defects in written certifications (see Matter of Columbus Park Corp. v Department of Hous. Preserv. & Dev. of City of N.Y., 80 NY2d 19, 30-31 [1992]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 3, 2023

Footnotes

Footnote 1: Defendant does not dispute plaintiff's assertion of separate R&W enforcement duty-based claims against it, as the alleged R&W duties are derived from sections of the contracts entirely apart from those concerning plaintiff's document defect claims.
Footnote 2: Any possible claims against defendant for failure to take enforcement action against the guarantor are not at issue in this appeal.