**U.S. Bank N.A. v DLJ Mtge. Capital, Inc.**

2024 NY Slip Op 32344(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 653140/2015

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, solely in its capacity as Trustee of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AMQ 2006-HE7

                                  Plaintiff,

                      - v -

DLJ MORTGAGE CAPITAL, INC, AMERIQUEST MORTGAGE COMPANY,

                                Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653140/2015 |
| **MOTION DATE** | 02/01/2024, 02/01/2024 |
| **MOTION SEQ. NO.** | 008 009 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 302, 303, 304, 305, 306, 313, 314, 315, 317

were read on this motion for            REARGUMENT AND LEAVE TO AMEND        .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 307, 308, 309, 310, 311, 316, 318

were read on this motion for            REARGUMENT AND LEAVE TO AMEND        .

Plaintiff U.S. Bank National Association, solely in its capacity as Trustee of the Asset

Backed Securities Corporation Home Equity Loan Trust, Series AMQ 2006-HE7 ("Plaintiff" or

the "Trustee") moves for leave to reargue, in part, the Court's Decision and Order dated

December 30, 2023, and entered on January 2, 2024 (NYSCEF 287 [Mot. Seq. Nos. 5 and 6])

pursuant to CPLR 2221(d), and for leave to file a Second Amended Complaint pursuant to CPLR

3025. The motion is **denied**.

**A. Background**

Like many residential mortgage-backed securities ("RMBS") cases, this dispute involves

a sole remedy repurchase protocol (*U.S. Bank N.A. v DLJ Mtge. Capital, Inc.*, 33 NY3d 72, 76

**653140/2015 U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**
**Motion No. 008 009**

**Page 1 of 6**

[* 1]

[2019]). Specifically, Section 7.04 of the Mortgage Loan Purchase and Interim Servicing Agreement ("MLPA" [NYSCEF 193]) provides that Defendant Ameriquest Mortgage Company ("Ameriquest") must cure any breach or repurchase a breaching mortgage loan "[w]ithin 90 days of the earlier of either discovery by or notice to. . ." Ameriquest from Defendant DLJ Mortgage Capital, Inc. ("DLJ" and with Ameriquest "Defendants").

The Trustee obtained DLJ's rights "to the enforcement or exercise of any right or remedy against" Ameriquest under the MLPA pursuant to Section 6 of the Reconstitution Agreement ("RA" [NYSCEF 194]). Finally, a "backstop" provision in Section 2.03 of the Pooling and Service Agreement ("PSA" [NYSCEF 196]) provides that, should Ameriquest be "unable to cure" a breach or repurchase a loan, that DLJ must do so (*U.S. Bank N.A. v DLJ Mtge. Capital, Inc.*, 33 NY3d at 76-77).

As explained in the Order, it is undisputed that, prior to commencing litigation in 2012, the Trustee served notice on DLJ, but not on Ameriquest. The Trustee did not serve notice on Ameriquest until December of 2012, after it commenced litigation and the limitations period had run. The Trustee served additional notices in 2019.

On December 30, 2023, the Court held that the Trustee failed to comply with the contractual repurchase protocol and dismissed the First, Second and Third Causes of Action in the Trustee's Amended Complaint (the "***notice-based claims***") (*U.S. Bank Nat. Ass'n v DLJ Mortg. Capital, Inc*, 2023 N.Y. Slip Op. 34560[U], *1-2 [N.Y. Sup Ct, New York County 2023] [the "Order"]). The Court sustained the Trustee's Fourth Cause of Action for failure to notify (the "***discovery-based claim***") against DLJ (*id.*). The Order provided that Plaintiff could seek leave to amend to add a "'failure to notify' discovery-based claim against Ameriquest" (*id.* at *9).

**653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**
**Motion No.  008 009**

**Page 2 of 6**

2 of 6

## B. Discussion

The Trustee timely moved for leave to reargue and to amend. With respect to reargument, the Trustee first argues that its dismissed notice-based claims also pled viable discovery-based claims. Next, the Trustee argues that its notice-based claims premised on notices sent in 2019 are viable. With respect to its motion for leave to amend, the Trustee seeks to add a "failure to notify claim" against Ameriquest on the theory that, had Ameriquest notified the Trustee of breaches it discovered, the Trustee could have served timely notices and made timely claims.

### a. Leave to Reargue is Denied

Under CPLR 2221(d), "[a] motion for leave to reargue, addressed to the sound discretion of the court, may be granted upon a showing that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law" (*Cortlandt St. Recovery Corp. v Bonderman*, 75 Misc 3d 469, 475 [Sup Ct, NY County 2022] [collecting cases]. However, "[r]eargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided or to present arguments different from those originally asserted" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992]).

Plaintiff has not identified any fact overlooked or misapprehended by the Court or any controlling principle of law misapplied in the Order. Plaintiff's Amended Complaint's notice-based claims do not contain allegations suggesting that viable discovery-based repurchase claims exist. Instead, the notice-based claims assert that breaches occurred after Defendants were "notified" (Am. Cplt. ¶¶71, 80, 86). By contrast, the surviving discovery-based claim against

**653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**
**Motion No.  008 009**

**Page 3 of 6**

DLJ expressly pleads a "Failure to Notify" theory and cites the pertinent sections of the PSA (Am Cplt. ¶¶90-96).

With respect to the 2019 notices, those post-suit notices are insufficient to state a claim in a case that was commenced in 2012 (*U.S. Bank N.A. v DLJ Mtge. Capital, Inc.,* 38 NY3d 169, 183 [2022] ["*HEAT 2007-1*"] ["We cannot rewrite the contract by substituting a different, post-suit notice procedure in place of the one chosen by the parties"]).  As explained by the First Department, "notice must be provided before a suit is filed" (*Finkelstein v U.S. Bank, N.A.*, 219 AD3d 401, 403 [1st Dept 2023] citing *id.*).  Accordingly, leave to reargue is denied.

### b.  Leave to Amend is Denied

CPLR 3025(b) provides that "[a] party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court." "Motions for leave to amend should be freely granted, absent prejudice or surprise ... unless the proposed amendment is palpably insufficient or patently devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [1st Dept 2010] [citations omitted]).  A motion to amend should be denied where the pleading would not survive a motion to dismiss (*Scott v Bell Atl. Corp.*, 282 AD2d 180, 185 [1st Dept 2001], affd as mod sub nom. *Goshen v Mut. Life Ins. Co. of New York*, 98 NY2d 314 [2002]; *Olam Corp. v Thayer*, 2021 N.Y. Slip Op. 30345[U] [N.Y. Sup Ct, New York County 2021]).

Plaintiff's Proposed Second Amended Complaint seeks to add a claim that Section 7.04 of the MLPA imposed an obligation on Ameriquest to provide notice to Plaintiff upon the discovery of a breach and that Ameriquest's failures prevented Plaintiff from bringing timely claims (NYSCEF 310 ¶¶26, 52, 99-104).  Specifically, it seeks to allege that "Section 7.04 of the

**653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**
**Motion No.  008 009**

**Page 4 of 6**

[* 4]

4 of 6

MLPA requires Ameriquest to give prompt written notice to the Trustee upon discovering breaches of Ameriquest's and DLJ's R&Ws" (NYSCEF 310 ¶101).

Section 7.04 of the MLPA provides, in relevant part:

Upon discovery by the Purchaser of a breach of any of the foregoing representations and warranties which materially and adversely affects the value of the Mortgage Loans or the interest of the Purchaser (or which materially and adversely affects the interests of the Purchaser in the related Mortgage Loan in the case of a representation and warranty relating to a particular Mortgage Loan), the party discovering such breach shall give prompt written notice to the others.

The first paragraph of the MLPA defines Defendant *DLJ* as the "Initial Purchaser." "Purchaser" is, in turn, defined as "the Initial Purchaser or the Person, if any, to which the Initial Purchaser assigns its rights and obligations hereunder as Purchaser with respect to a Mortgage Loan, and each of their respective successors and assigns." Defendant Ameriquest, from which DLJ *acquired* the subject mortgage loans, is not a "Purchaser" and thus is not subject to the requirements of Section 7.04. The MLPA's repurchase protocol is not ambiguous and the Trustee's attempt to establish an affirmative contractual obligation on the part of Ameriquest that is not included in the MLPA is rejected (*IKB Intl., S.A. v Wells Fargo Bank, N.A.*, 40 NY3d 277, 285 [2023] ["the governing agreements do not impose on defendants an affirmative duty to enforce repurchase obligations and so those claims should be dismissed"]).

Plaintiff's argument under Section 2.03 of the PSA fares no better. Ameriquest is not a party to the PSA and is instead defined as an "Originator" of the loans. The PSA does not impose an obligation upon Ameriquest to provide notice to the Trustee.

Further, Plaintiff's attempt to plead a failure to notify claim nearly eighteen years after the subject transaction and twelve years after this litigation started would prejudice Ameriquest (*Pecora v Pecora*, 204 AD3d 611, 612 [1st Dept 2022]). Plaintiff pled an express "Failure to

**653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**          **Page 5 of 6**
  **Motion No.  008 009**

5 of 6

Notify" claim against DLJ in its Amended Complaint. Plaintiff's decision to not file a failure to notify claim against Ameriquest at that time cuts against its argument that Ameriquest was on notice of such a claim.

*     *     *     *

Accordingly, it is

**ORDERED** that Plaintiff's motions for leave to reargue and leave to amend (Mot. Seq. Nos. 8 and 9) are **DENIED**.

This constitutes the decision and order of the Court.

20240708124105JMCOHENAE4F87B3D1424A8CAC2D97AA4612B678

| 7/8/2024 | JOEL M. COHEN, J.S.C. |
|----------|------------------------|
| **DATE** | |

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION |
|---|---|---|---|
| | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |

APPLICATION:      SETTLE ORDER      SUBMIT ORDER

CHECK IF APPROPRIATE:      INCLUDES TRANSFER/REASSIGN      FIDUCIARY APPOINTMENT      REFERENCE

**653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**
**Motion No.  008 009**

**Page 6 of 6**

6 of 6

[* 6]