S.T.A. Parking Corp. v Federal Ins. Co. (2022 NY Slip Op 05775)

S.T.A. Parking Corp. v Federal Ins. Co.

2022 NY Slip Op 05775

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, Kennedy, JJ. 

Index No. 656508/18 Appeal No. 16408, M-3376 & M-3570 Case No. 2021-02465 

[*1]S.T.A. Parking Corp., Plaintiff-Respondent-Appellant,
v
Federal Insurance Company Also Known as Chubb, Defendant-Appellant-Respondent.

Cozen O'Connor, New York (Melissa F. Brill of counsel), for appellant-respondent.
Smith, Gambrell & Russell, LLP, New York (Russell Wolfson of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about June 1, 2021, which granted in part and denied in part defendant's motion for summary judgment, unanimously affirmed, without costs.
The court correctly determined that defendant insurer is liable for coverage of the underlying judgment under its first excess insurance policy because defendant insurer admits that the damage occurred before the conclusion of the first policy period on February 20, 2005. As this Court held in plaintiff's prior action against a different insurer arising from the same underlying damage, the record showed that plaintiff was aware of the damage as early as late 2004 or early January 2005 (S.T.A. Parking Corp. v Lancer Ins. Co., 110 AD3d 512, 512 [1st Dept 2013], lv denied 23 NY3d 902 [2014]). Plaintiff's contrary assertions about the timing of the damage made in prior litigation constitute "informal judicial admissions" but, as such, "are not conclusive" and rather "are 'evidence' of the fact or facts admitted" (Morgenthow & Latham v Bank of N.Y. Co., 305 AD2d 74, 79 [1st Dept 2003]). The record as a whole and this Court's finding in Lancer outweigh that evidence. Nor is plaintiff judicially estopped from making arguments contrary to its position in Lancer because plaintiff did not "secure[] a ruling in [its] favor from advancing" that position (Herman v 36 Gramercy Park Realty Assoc., LLC, 165 AD3d 405, 406 [1st Dept 2018]), as this Court affirmed summary judgment in its adversary's favor on this issue (Lancer, 110 AD3d at 512).
The motion court also correctly concluded that defendant is not liable under the first policy on a first-dollar basis because plaintiff's primary insurance policy had lapsed. The subject excess policy states that defendant "will pay . . . in excess of underlying limits of insurance," which the policy defines as "the total sum of amounts stated in Item 5 of the Declarations consisting of," inter alia, "the amount for which the insured is legally obligated to pay in the settlement or satisfaction of a claim for which no underlying insurance applies." Item 5 lists the underlying limits of insurance as $1 million for each occurrence. The policy further required plaintiff to "maintain underlying insurance in full force" and that, in the event of plaintiff's "failure to comply with this condition . . . we will only be liable to the same extent as if there had been compliance with this condition." Therefore, according to the terms of the policy, defendant is liable only in excess of $1 million regardless of the lapsing of the primary policy (see Jin Ming Chen v Insurance Co. of the State of Pa., 36 NY3d 133, 138 [2020]).
The court correctly determined that defendant is not liable for coverage under its second excess policy commencing on February 20, 2005. The second excess policy incorporates the terms and conditions of the "controlling underlying insurance," here provided by Lancer Insurance Company. The Lancer policy [*2]excluded coverage for losses known to plaintiff "prior to the policy period" (Lancer, 110 AD3d at 512). Defendant's second excess policy's incorporation clause is "properly read to incorporate the exclusions in the underlying policy," making "'coverage' . . . the net total of policy inclusions minus exclusions" (Westview Assoc. v Guaranty Natl. Ins. Co., 95 NY2d 334, 339 [2000]). The second policy therefore also excluded coverage for losses known to plaintiff prior to the policy period. This Court has already determined that the damage from which this dispute arises was known to plaintiff prior to the policy period and therefore falls within this exclusion (Lancer, 110 AD3d at 512).
We have considered the parties' remaining arguments and find them unavailing. M-3376—S.T.A. Parking Corp. v Federal Insurance Co. a/k/a Chubb
Motion to strike Points I and II of plaintiff's reply brief, denied. M-3570—S.T.A. Parking Corp. v Federal Insurance Co. a/k/a Chubb
Cross motion to file a sur-reply, strike portions of defendant's briefs, and for sanctions, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022