S.T.A. Parking Corp. v Federal Ins. Co. (2026 NY Slip Op 01474)

S.T.A. Parking Corp. v Federal Ins. Co.

2026 NY Slip Op 01474

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Index No. 656508/18|Appeal No. 6115|Case No. 2024-05012|

[*1]S.T.A. Parking Corp., Plaintiff-Appellant-Respondent,
vFederal Insurance Company Also Known as Chubb, Defendant-Respondent-Appellant.

Venable LLP, New York (Ketherine R. Peluso of counsel), for appellant-respondent.
Cozen O'Connor, New York (Melissa F. Brill of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about July 8, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, and granted defendant's motion for leave to amend its answer to the extent of granting Federal leave to assert the proposed second, third, fourth, and fifth counterclaims, but denying leave to interpose a first counterclaim for fraud, unanimously affirmed, with costs.
The court properly determined that issues of fact warranted the denial of plaintiff insured's motion for summary judgment. The evidence identified by Federal raises triable issues of fact as to whether plaintiff insured and nonparty East 77 Owners Co., LLC colluded with one another to obtain an inflated judgment in favor of East 77 which would trigger Federal's excess insurance policy, and which, if proven, would constitute a potential breach of the cooperation clause of the policy (see Lauritano v American Fid. Fire Ins. Co., 3 AD2d 564, 571-572 [1st Dept 1957], affd 4 NY2d 1028 [1958]). The evidence presented by Federal raised issues of fact as to whether plaintiff "actually paid" an amount in satisfaction of a claim which, pursuant to Federal's policy, would be sufficient to trigger Federal's coverage obligations. In addition, Federal presented evidence sufficient to raise a question of fact as to whether its liability to plaintiff was offset by plaintiff's recoveries against other parties under the terms of the policy.
Plaintiff's argument that Federal's liability is the law of the case is unavailing. Plaintiff relies on this Court's determination in an earlier appeal that Federal was "liable for coverage of the underlying judgment under" the policy at issue here (S.T.A. Parking Corp. v Fed. Ins. Co., 209 AD3d 510, 510 [1st Dept 2022]). However, the issue presented and decided previously was whether the underlying liability arose out of events that occurred during the relevant policy period. Whether Federal had other defenses under the policy was not at issue, and there was no judicial determination of any of the matters now before this Court (cf. Martin v City of Cohoes, 37 NY2d 162, 165 [1975]). Plaintiff's contention that Federal improperly relied on an attorney affirmation to introduce exhibits is also unavailing, since the affirmation "merely serve[d] as the vehicle for the submission of acceptable attachments which do provide evidentiary proof in admissible form" (Zuckerman v City of New York, 49 NY2d 557, 563 [1980] [internal quotation marks omitted]).
The court properly granted Federal leave to amend its answer to interpose its fourth and fifth counterclaims for declarations, respectively, that the settlement in the underlying action was unreasonable, and that plaintiff violated the provisions of Federal's policy governing consent to settle and voluntary payments (see CPLR 3025[b]). Neither of those counterclaims are palpably insufficient or devoid of merit (see generally MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 499 [1st Dept 2010]). Regarding the fourth counterclaim, Federal's allegations that plaintiff colluded with East 77 in obtaining an artificially inflated judgment may have constituted a breach of the noncooperation provision incorporated into Federal's policy (see Lauritano, 3 AD2d at 572). Further, plaintiff's argument that Federal refused to participate in the settlement discussions in the underlying action does not render the fifth counterclaim meritless because, as an excess insurer, Federal did not need to participate in the underlying action (see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc., 16 NY3d 257, 265 [2011]).
Federal's second and third proposed counterclaims for declarations that the underlying judgment was unenforceable because it was unreasonable, and because it was procured through bad faith, fraud, and collusion, are barred by laches. Federal is not seeking to vacate the underlying judgment; it is merely seeking a declaration that it need not cover the judgment. In addition, defendant has submitted sufficient evidence to establish that whether the judgment was unreasonable as the product of collusion remains a question of fact.
We reject plaintiff's contention that the second and third counterclaims are governed by the statute of limitations for fraud. In determining the statute of limitations for a declaratory judgment cause of action, we look to the gravamen of both the claims (see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 40-41 [1995]). Here, we determine that the gravamen of Federal's second and third counterclaims is that the judgment is unenforceable based on a failure of a condition precedent to recovery, namely presenting a claim that is neither unreasonable nor the product of collusion and bad faith. To the extent that a condition precedent has not been satisfied to give rise to a cause of action from Federal, then a cause of action to recover from Federal has not yet accrued.
However, because any counterclaim by Federal for fraud would be untimely, the court properly denied it leave to interpose that cause of action. The record establishes that Federal had sufficient information to be on inquiry notice of the possibility of fraud by 2015 (see CPLR 213[8]). Federal's argument that the proposed counterclaim for fraud should relate back to the time of Federal's original pleading or plaintiff's complaint is unavailing because Federal had no counterclaims to which its proposed fraud counterclaim could relate back. Federal's affirmative defenses, including those regarding plaintiff's unclean hands and plaintiff's failure to comply with applicable Federal policy provisions, included no facts and thus did not give notice to plaintiff of any "transactions or occurrences" that might have supported Federal's fraud claim (see O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 87 [1st Dept 2017]).
We have considered the parties' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026